(49 App. Div. 41.)

### KRONER v. REILLY.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

1. SUPPLEMENTAL PROCEEDINGS—FUTURE EARNINGS.

    Code Civ. Proc. § 2436, provides for an examination in supplemental proceedings on a showing that a debtor has property which he refuses to apply. Section 2447 authorizes the judge to require payment of amount so withheld. Section 2463 provides that supplemental proceedings may not reach exempt property, nor earnings of a judgment debtor, rendered within 60 days next before the institution of the special proceedings, when those earnings are necessary for the use of debtor's family. Held, that a court is without power to direct payment of future earnings in such proceedings.

2. CONTEMPT—POWER TO PUNISH.

    A court being without jurisdiction, in supplementary proceedings, to direct a receiver to collect future earnings, a judgment debtor is not in contempt in suing such receiver for exempt earnings wrongfully collected by him.

Appeal from special term.

Action by Marie Kroner against John F. Reilly. Defendant appeals from three orders entered in proceedings supplementary to execution. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Henry J. Furlong (John J. O'Connell, on the brief), for appellant.
J. J. Bennett, for respondent.

GOODRICH, P. J. The plaintiff, having recovered a judgment against the defendant, in February, 1897, obtained an order for the examination of the judgment debtor, in proceedings supplementary to execution, on September 11, 1899. The defendant appeared and was sworn on the return day, September 14th. The examination was adjourned to the 16th, when the defendant testified that he was a stenographer in the employ of the city of New York, with a salary of $2,000, payable monthly, and that $166.66 would be due to him on October 1st; that he was not married, but that the salary was the only means which he had; that it was all necessary to his maintenance, and that he assisted in supporting his mother. The proceeding was then adjourned to the 7th, and afterwards to the 16th, of October. On the 9th of October an order was made appointing Mr. Cadmus re-

ceiver of the defendant's property, and directing that the city pay-master pay over to the receiver the money or check for the September salary, which became due October 1st. The paymaster paid the salary to. the receiver on the 10th of October, and the receiver distributed the money, and filed his report. An order was made on October 26th confirming the report, and discharging him from his duties as receiver. Meantime, and on October 19th, the defendant, Reilly, without permission of the court, sued Cadmus, individually, to recover the $166.66. Cadmus, on the next day, instituted proceedings against the defendant for contempt, and on the 31st the court adjudged Reilly guilty, and fined him $25.

The first question involved in the appeals is whether a receiver appointed in proceedings supplementary to execution can collect the wages of a debtor which are not wholly earned and not payable at the time of the institution of the supplementary proceedings. The question was considered by Mr. Justice Freedman in an exhaustive opinion in Re Trustees of Board of Publication & Sabbath-School Work, 22 Misc. Rep. 645, 50 N. Y. Supp. 171, in which he decided that the statute limits the power of the court to existing rights and things in esse at the commencement of the proceedings, and that no property subsequently acquired, and no future earnings for personal services rendered within 60 days preceding the order, could be reached, if the same are necessary for the use of the debtor's family. It is not necessary for us to decide whether in the present case the debtor had a family, within the meaning of section 2463 of the Code of Civil Procedure. In Albright v. Kempton, 4 Civ. Proc. R. 16, Mr. Justice McAdam held that, where an order for the examination was made on July 5th, it was not within the power of the court to order that the monthly salary of the debtor, due on July 10th, be applied on the judgment; that this could be done only by proceedings instituted after the salary was payable. There are other decisions to the same effect, which it is unnecessary to cite. It follows that so much of the order appointing the receiver as directed him to collect the defendant's salary, and required the city paymaster to pay that salary to the receiver, and the order confirming the latter's report, should be reversed.

As there was no jurisdiction in the court to make the order directing the payment of the salary to the receiver, there was no power to punish the defendant for contempt, because the fine, as stated in the order, was imposed on the ground that the misconduct of the defendant impaired the rights of Cadmus as receiver. The court having no power to make the order, it was coram non judice and without validity, and the receiver obtained no rights thereunder. For disobedience of such an order the defendant cannot be adjudged guilty of contempt.

It follows that all of the orders should be reversed.

HATCH, J. I agree with the Presiding Justice that the order directing the payment over of the monthly salary earned by the defendant cannot be supported, and that the proceedings supplementary to execution could, in no event, reach such salary. I am, however, unable to agree that the court was without jurisdiction to punish the

defendant for contempt in instituting his action against the receiver without first obtaining leave of the court so to do. The court had jurisdiction of the proceeding, and also had jurisdiction to appoint the receiver therein. Such person then became the representative of the court, and it has been uniformly held that before an action is authorized to be instituted against the receiver leave must first be obtained from the court, and the institution of such action without leave constitutes a contempt of court, and may be punished as such. Taylor v. Baldwin, 14 Abb. Prac. 166; Kent v. West, 16 App. Div. 496, 44 N. Y. Supp. 901; Read v. Brayton, 72 Hun, 633, 25 N. Y. Supp. 186; Higgins v. Wright, 43 Barb. 461; De Groot v. Jay, 30 Barb. 483. The act of bringing suit against the receiver without leave constitutes a civil contempt, as classified in People v. Court of Oyer and Terminer of New York, 101 N. Y. 245, 4 N. E. 259, and this is true, although the public interests to some extent may be involved. In the present case the question as to whether the court had authority or jurisdiction to make the order directing the payment over of the salary of the defendant is aside of the question involved in the proceeding to punish for contempt. The basis for the infliction of such punishment was the unlawful interference with an officer of the court, and, as the court had jurisdiction to appoint the receiver, it also had jurisdiction to protect the receiver. In the latter proceeding the question as to whether the receiver acted under a void order in the performance of his duties, or whether he had the right to retain the property or money in his hands which he had received under an order granted without authority, does not affect the question of whether the receiver could be proceeded against by action without leave of the court being first obtained. It is clear that one condition does not depend upon the other; and, if it be assumed that the court was without authority to direct the salary to be paid over, such fact did not excuse the defendant from first obtaining leave of the court to institute an action, if he chose to make use of such remedy to repossess himself of the money. It follows, therefore, that the order punishing the defendant for contempt of court in instituting the action does not rest upon the lawfulness or unlawfulness of the order directing the payment of the salary to the receiver. It is quite clear, however, that the order punishing for contempt would not have been made had the court regarded the order directing the payment over of the salary as being without legal authority for its support. For this reason I think this order should be reversed, but without costs.

　　BARTLETT, WOODWARD, and HIRSCHBERG, JJ., concur with HATCH, J.