[Civ. No. 1344.   Third Appellate District.—August 24, 1915.]

## WILLIAM C. KNOX, Appellant, v. THEODORE BLANCKENBURG et al., Respondents.

DEED—ACTION TO SET ASIDE—FRAUD ON CREDITOR.—In an action to set aside a deed on the ground that it was made to defraud creditors the question is one of fact; that is to say, a question of intent; and where the deed was made without consideration the intent which is material is that of the grantor, and it is immaterial how innocent the grantee was or whether she had notice of the fraud; nor is it necessary that the grantor should have had any malice against the creditor, or any evil intent to injure him or any actual intent to do a wrong.

ID.—TRANSFER OF ALL PROPERTY—LACK OF CONSIDERATION—INSOLVENCY.—Where a party transferred all his property to his wife, without consideration, and when in debt to others, the inevitable result was one to hinder and delay his creditors in the enforcement of their just claims, and his unsupported statement that in giving the property to his wife he did not intend to hinder or delay his creditors in collecting their debts, cannot overcome the presumption that he intended the inevitable consequences of his willful and intentional acts; and such transfer is one made in contemplation of insolvency under section 3442 of the Civil Code, and for that reason void.

ID.—SALE OF PERSONAL PROPERTY—LACK OF DELIVERY—VENDOR CANNOT QUESTION VALIDITY OF.—In such a case, where the debtor conveyed all his property, including personal property, it does not lie in his mouth to say that the transfer of the personal property was void for want of delivery of possession, its validity being subject to attack by his creditors only.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Olin L. Berry, and Daniel H. Knox, for Appellant.

E. S. Bell, for Respondents.

ELLISON, J., *pro tem.*—The plaintiff, as a judgment creditor of the defendant Theodore Blanckenburg, brought this suit in equity, to have declared void as to him a deed executed by said Theodore Blanckenburg to his wife, the defendant Ellen M. Blanckenburg, said deed purporting to convey to her the real estate described in the complaint. As grounds for the relief asked, the plaintiff alleges that said deed was made at a time when the defendant, Theodore Blanckenburg, was indebted to Emil Blanckenburg, the plaintiff's assignor; was without any valuable consideration and was made with the intent to hinder, delay, and defraud the plaintiff's assignor in collecting the indebtedness due to him by the defendant, Theodore Blanckenburg. The judgment of the court was against the plaintiff and in favor of the defendants. The plaintiff's motion for a new trial was denied and the appeal is from the judgment and the order denying the motion for a new trial.

The court made a finding: "That said conveyance was not made with intent to hinder, delay and defraud the said Emil Blanckenburg in the collecting of the amount due him from the said Theodore Blanckenburg," and practically the only question upon this appeal is whether this finding is supported by the evidence.

The record discloses the following facts: The defendants, Theodore Blanckenburg and Ellen Mary Blanckenburg, were married in 1906 and since have been and now are husband and wife. Emil Blanckenburg, the assignor of the plaintiff, is a brother of the defendant Theodore Blanckenburg. Prior to his marriage the defendant Theodore Blanckenburg owned the real estate described in the complaint. While the defendant Theodore was the owner of the said land he became indebted to his brother Emil in the sum of about eight hundred dollars. This indebtedness was evidenced by a promissory note. This note was about to become outlawed and the defendant Theodore gave to his brother Emil a new note for the eight-hundred dollar indebtedness. This note bore date of May 1, 1908, and was payable one year after date. On

January 1, 1911, Emil Blanckenburg transferred said note and all indebtedness due to him from his brother Theodore to the plaintiff and thereupon plaintiff commenced an action thereon in the superior court and, on February 27, 1911, caused an attachment to be levied upon the property described in the complaint. In said action plaintiff obtained a judgment against the defendant Theodore for eight hundred dollars and interest and costs. This judgment is in full force and has not been satisfied.

On the twenty-seventh day of March, 1907, the defendant Theodore Blanckenburg, without the knowledge of his brother Emil and without any valuable consideration therefor, conveyed said land and all his personal property to his wife, Ellen M. Blanckenburg. The only consideration for this deed and transfer was love and affection and for the better maintenance and support of his wife. The plaintiff's assignor did not know of this transfer until January, 1911.

The defendant Theodore Blanckenburg, as a witness, testified; "I am acquainted with the property described in the complaint. I acquired it in 1899. At that time I was unmarried. I was married in September, 1906. At the time of my marriage I had no other property. I have had no other property since. At the time I borrowed this money from my brother I did not have any other property. The property conveyed by the deed of March 27, 1909, conveyed all of the property I then had. Since then I have had no other property. The deed included certain personal property and that personal property in the deed was all the personal property on the place and all which I owned. I have no other property now." He also testified that when he transferred all his property to his wife he had no intention of defrauding his brother—"because I always intended to sell the place so that I could pay him whatever was due him." And his wife testified that "there has never been any intention to prevent payment to my brother-in-law; only to clear the place and pay him."

1. Conceding that the question of fraudulent intent is one of fact, and that the finding of the court that there was no fraudulent intent in the transfer by the defendant Theodore to his wife should not be disturbed if it finds substantial support in the evidence, still we are of opinion that the finding cannot stand. "It is obvious, therefore, that the question

upon which the case must turn is whether the conveyance is in fraud of the rights of the plaintiff as a creditor. This, under our statute, is a question of fact (Civ. Code, sec. 3442); that is to say, a question of intent. And since the deed was without consideration the intent which is material is that of the grantor. It is immaterial how innocent the grantee was. (*Lee* v. *Figg,* 37 Cal. 336, [99 Am. Dec. 271]; *Peck* v. *Peck,* 77 Cal. 111, [11 Am. St. Rep. 244, 1 L. R. A. 185, 19 Pac. 227]; *Swartz* v. *Hazlett,* 8 Cal. 128.) And for the same reason it is immaterial that he had no notice of the fraud. Nor is it necessary that the grantor should have had any malice against the creditor, or any evil intent to injure him or any actual intent to do a wrong." (*Judson* v. *Lyford,* 84 Cal. 508, [24 Pac. 286].) According to the defendant Theodore's own testimony, he transferred *all* his property, both real and personal, to his wife, without receiving any consideration therefor and when in debt to his brother and others, thus making himself impotent, however willing, to pay any of his debts, removed all his property from the reach of his creditors and put it beyond their power, if the transfer is to stand, to enforce payment. The inevitable result of this act on the part of the defendant Theodore was to hinder and delay his creditors in the enforcement of their just claims. His own bare statement, unsupported by any facts, that in giving the property to his wife he did not intend to hinder or delay his brother in collecting his debt, cannot overcome the presumption that he intended the inevitable consequences of his willful and intentional acts.

In *Judson* v. *Lyford,* 84 Cal. 508, [24 Pac. 286], the supreme court used this language: "Had the grantor, as a matter of fact, an intent to hinder or delay his creditor? The court below found that he had not. But we think that the findings are entirely unsupported by the evidence. At the time of the execution of the deed, the grantor had no other property than the land he attempted to convey. . . . The uncontradicted facts therefore are, that the grantor, being heavily indebted to the plaintiff, attempted to make a voluntary settlement of the only property he had upon his children and himself. Is it not the irresistible inference, from these facts, that he intended to place the property beyond the reach of the plaintiff's judgment? We can hardly imagine circumstances which would overcome the inference from the above facts. The defendant Lyford says that the

deed was made to 'protect' the grantor's children. But can a man 'protect' his children against the lawful claims of his creditors? If this be the meaning of the defendant's testimony, it is itself sufficient to show that the deed was fraudulent.''

2. Section 3442 of the Civil Code provides: ''Any transfer . . . of property made or given voluntarily or without consideration by a party while insolvent or in contemplation of insolvency shall be fraudulent and void as to existing creditors.''

''Strictly, he was not insolvent when he made the conveyance, but, coincidentally with and by that act, he became insolvent, and this, we think, brings the case within the rule in *Emmons* v. *Barton,* 109 Cal. 662, [42 Pac. 303], and justifies the finding that the conveyance was with fraudulent intent to defraud his creditors.'' (*Borgfeldt* v. *Curry,* 25 Cal. App. 624, [144 Pac. 976].)

When the defendant Theodore decided to transfer all his property to his wife without a valuable consideration, he knew that by such transfer he would be made insolvent. His insolvency was contemplated in the very act of making the transfer, and it was a transfer made in contemplation of insolvency and for that reason void.

3. Counsel for respondents makes the point that the record shows that after the transfer to his wife the defendant Theodore has still left property of the value of three thousand dollars, and hence was not insolvent. This property, it is claimed, consists of a note against his father for one thousand dollars, and all the personal property that was on the land at the time of the sale.

(1.) As to the note held by him against his father: The evidence of the defendant Theodore is that he transferred *all* of his personal property to his wife. If so, the note was transferred.

(2.) There is no evidence to show that the note has or ever had any value.

(3.) As to the personal property on the land and transferred to the wife: Counsel claims that, as there was no change of possession of this property after the alleged transfer, the transfer was void as to creditors. The sale of this property was valid as between the vendor and the vendee, and it does not lie in defendant Theodore's mouth to say it for any

reason was void as to his creditors. Its validity could only be attacked by his creditors. The defendant Theodore, by the transfer, divested himself of all right to control or sell or use it, and of all right or title in it. This being so, he cannot claim it as a part of his property when marshaling his assets to show his solvency.

In answer to counsel's suggestion that plaintiff could have made his claim out of the personal property on the ranch, it may be said that we know of no principle of law or equity that compels a creditor to take proper steps to realize on personal property transferred in fraud of creditors before he can attack, as fraudulent, sales of real estate.

Our conclusion is that the sale of the land described in the complaint by the defendant Theodore to his wife was fraudulent and void as to his creditors and that the finding to the contrary is not supported by the evidence.

The judgment and the order denying a new trial are reversed.

Chipman, P. J., and Hart, J., concurred.