ANNA HAND, Plaintiff, *v.* ORTSCHREIB BUILDING CORPORATION and Others, Defendants.

Supreme Court, Kings County, October 4, 1929.

*Herman W. Bernstein,* for the judgment creditor.

*Kugel & Telsey* [*Gerson C. Young* and *Michael N. Slotnick* of counsel], for the Municipal Bank and Trust Company and Bank of United States.

CROPSEY, J. It being found that the bank after the service of the supplementary order paid out moneys it then had on deposit, it committed a contempt, as it violated the injunction contained in the order, and it must be fined the amount so paid out. The question of law is presented whether the bank is further guilty of contempt in paying out moneys that it received from or for the debtors after the order was served. While there is a difference in the language of section 785 of the Civil Practice Act, dealing with the examination of a third party in supplementary proceedings, and section 797, providing for the issuance of an injunction pending the examination, it does not seem probable that the Legislature intended the injunction to apply to more property than was to be affected by the examination and it has been said that it does not. (*Rainsford* v. *Temple*, 3 Misc. 294.) As to examinations in such proceedings practically all the cases hold that only property held at the time of the making of the order is involved, and that property acquired thereafter is not affected. (*Columbian Institute* v. *Cregan*, 11 Civ. Proc. 87; *Gibney* v. *Reilly*, 26 Misc. 275; *Matter of Walker*, 157 App. Div. 609, 613; *Matter of Trustees of Board of Publication & Sabbath School Work*, 22 Misc. 645; *McGivney* v. *Childs*, 41 Hun, 607; *Rainsford* v. *Temple*, 3 Misc. 294; *Kroner* v. *Reilly*, 49 App. Div. 41.) The only contempt, therefore, was in paying out the amounts to the credit of the debtors at the time of the service of the order.

To that extent motion is granted; otherwise denied. Settle order on notice.