[Civ. No. 5461. Third Appellate District.—June 5, 1936.]

LILLIE IDA KEELEY, Respondent, v. J. A. ANDERSON, Appellant.

J. W. Hawkins and Hawkins & Hawkins for Appellant.

Vernon F. Gant for Respondent.

STEEL, J., *pro tem.*—Defendant appeals from a judgment quieting plaintiff's title to certain real property in Stanislaus County.

On October 19, 1929, J. C. Keeley, a son of H. C. Keeley and Lillie Ida Keeley, respondent herein, was indebted to appellant J. A. Anderson, in the sum of $1,000, or thereabouts, for repairs upon a certain truck or trucks belonging to said J. C. Keeley, and at that time the appellant Anderson was holding the equipment as security for the payment of such repair bill.

Upon the date above mentioned, and in consideration of the release of the equipment, H. C. Keeley and his said son J. C. Keeley, executed their promissory note in favor of Anderson for $1,000. Subsequently, and on the 14th day of February, 1930, H. C. Keeley, by deed of gift, conveyed to his wife Lillie Ida Keeley, all of his real property situate in Stanislaus County, and consisting of two lots in Adams colony and residential property in the city of Modesto. This deed, when executed, remained in the possession of the local title company who prepared it, until October 20, 1931, at which time it was recorded. On October 5, 1932, H. C. Keeley wrote a letter to J. C. Anderson as follows:

(Letterhead of Howard C. Keeley, Auditor of Stanislaus County.)

"Modesto, Oct. 5, 1932.

"J. A. Anderson,
    Modesto, Calif.

"Dear Sir: Enclosed find $10.00 bill to apply on my account. In regard to that note of Jesses I am trying to get him to make some payments on this. I have paid in the past so many bills for him in the past, a few years ago I deeded all my property over to my wife so if any suits was brought to collect this on my part no doubt you would get judgment but when could you collect it.

"Yours truly,
    "H. C. KEELEY
"Please send receipt and statement of balance H.C.K."

On the 28th day of October, 1932, Anderson commenced an action on said promissory note against H. C. Keeley and J. C. Keeley, the makers thereof, service was had, defendants defaulted, and judgment was entered on the 18th day of November, 1932, in favor of the plaintiff for $1330, together with $15 costs. An abstract of said judgment was filed on the same day in the office of the county recorder of Stanislaus County.

The record discloses that on November 2, 1932, five days subsequent to the commencement of the aforesaid action, the respondent Lillie Ida Keeley, filed a homestead on the residential property of herself and husband H. C. Keeley, situate in the city of Modesto, and in March, 1934, commenced the instant action against defendant Anderson, to quiet title to the property which her husband H. C. Keeley had theretofore conveyed to her by the deed of gift aforesaid.

An answer and cross-complaint was filed wherein, by way of affirmative defense, the facts hereinabove set forth were substantially averred, and it being further alleged that the deed from H. C. Keeley to his wife Lillie Ida Keeley was made for the purpose of defrauding creditors; that the execution of the deed and the filing of the homestead rendered said H. C. Keeley insolvent and did thereby prevent cross-complainant from satisfying his judgment.

Upon trial the court found in favor of the plaintiff relative to the regularity of the transaction, and further found that the judgment of defendant Anderson, against H. C. Keeley, was not a lien upon the property involved herein, and thereupon entered a decree quieting plaintiff's title.

It is urged as grounds for a reversal thereof that the material findings of the trial court are not supported by the evidence for the following reasons:

(1) The evidence shows that the deed from the husband H. C. Keeley to the wife Lillie Ida Keeley was made for the purpose of defrauding creditors;

(2) The execution of the deed and the filing of the homestead resulted in H. C. Keeley being insolvent;

(3) There is no evidence to sustain the findings of the court concerning the income received by Keeley.

It is not necessary to cite authority in support of the well-established rule that if there is substantial conflict in the evidence, the findings of the trial court will not be disturbed on appeal.

The major question presented centers upon whether or not the deed from H. C. Keeley to his wife Lillie Ida Keeley was made for the purpose of defrauding creditors. The evidence must be examined with a view to ascertaining, not alone the intent of the grantor at the time the deed was executed, but all the circumstances incident thereto, and in this connection the record contains the following: "Q. When this transfer, this deed, was executed from you to Mrs. Keeley, you have already testified, I believe, that prior to that time Mr. Anderson had made no demand on you,—did the matter of the obligation to Anderson enter into your mind at all at the time this deed was executed to Mrs. Keeley? A. No, it did not. That deed was made pure and simple for to protect myself and my family. I felt like I was getting along in years and I wanted to take care of my wife and family in some kind of shape, and I made this deed." Opposed to this testimony relative to the moving cause prompting the execution of the deed, we have the written letter of H. C. Keeley to Anderson hereinbefore set forth, specifically stating his reason for deeding all of his property over to his wife. It is true he disclaimed an intention to defraud appellant, and it may be said that it is quite natural that such denial be made. However, it has been held that one's mere *ipse dixit* that it is not to defraud one's creditors, would hardly create a *bona fide* conflict in the testimony. (*Tobias* v. *Adams*, 201 Cal. 689 [258 Pac. 588]; *Benson* v. *Harriman*, 55 Cal. App. 483 [204 Pac. 255]; *Allee* v. *Shay*, 92 Cal. App. 749 [268 Pac. 962].)

In the case of *Knox* v. *Blanckenburg*, 28 Cal. App. 298 [152 Pac. 59], we find the following bearing upon the weight of such testimony: "According to the defendant's own testimony, he transferred all his property, both real and personal, to his wife without receiving any consideration therefor, and when in debt to his brother and others, thus making himself impotent, however willing, to pay any of his debts, removed all his property from the reach of his creditors, and put it beyond their power, if the transfer is to stand, to enforce payment. The inevitable result of this act on the part of the defendant was to hinder and delay his creditors in the enforcement of their just claims. His own bare statement, unsupported by any facts, that in giving the property to his

wife he did not intend to hinder or delay his brother in collecting his debt, cannot overcome the presumption that he intended the inevitable consequences of his wilful and intentional acts."

An examination of the entire record fails to furnish sufficient material evidence to create a substantial conflict in support of the finding of good faith and solvency.

Respondent contends in support of the judgment, that an action will not lie on behalf of a judgment creditor to set aside an alleged fraudulent conveyance by the debtor until execution has been issued and returned unsatisfied, citing the case of *First National Bank* v. *Maxwell*, 123 Cal. 360 [55 Pac. 980, 69 Am. St. Rep. 64], and *Rosen* v. *Villanueva*, 175 Cal. 632 [166 Pac. 1004]; also, 12 Cal. Jur. 1038.

The authorities cited do not sustain such contention. (*Jenner* v. *Murphy*, 6 Cal. App. 434, at page 440 [92 Pac. 405]; *Sewell* v. *Price*, 164 Cal. 265, 270 [128 Pac. 407]; *Ohm* v. *Superior Court*, 85 Cal. 545 [26 Pac. 244, 20 Am. St. Rep. 245]; *Sewell* v. *Johnson*, 165 Cal. 762, 767 [134 Pac. 704, Ann. Cas. 1915B, 645].) Generally, a creditor must exhaust his remedies at law before proceeding in equity, and this may be established by return of the execution unsatisfied; by a showing of the debtor's insolvency; or that issuance of an execution would be an idle act and of no practical utility. (12 Cal. Jur. 1038, 1039.)

The testimony of respondent, as well as that of her husband, H. C. Keeley, was that at the time he executed the deed he owned no property other than his salary and his interest in the homestead, which showing creates a *prima facie* presumption of fraud (*Benson* v. *Harriman, supra*), and shifts the burden to the grantee to show solvency in the grantor. (27 Cal. Jur. 796, 797.)

The finding as to the annual salary of H. C. Keeley, as county auditor of Stanislaus County, finds no support in the record, and if supported, would not alter the situation. Other points urged in support of the judgment are likewise untenable.

It must necessarily follow from the authorities applicable to the facts herein that the lien of appellant's judgment in and to the property in question is superior to the title of respondent, and that the judgment must be reversed

with directions to the trial court to enter judgment upon proper findings accordingly.

The judgment is reversed.

Pullen, P. J., and Thompson, J., concurred.