[Civ. No. 17370. First Dist., Div. One. Feb. 18, 1958.]

LILLIAN J. JORGENSEN et al., Appellants, v. WILLIAM BURROWS et al., Respondents.

---

Sugarman, Bernheim & Gilbert and Irving C. Sugarman for Appellants.

Miguel A. Leite and Joseph A. Brown for Respondents.

WOOD (Fred B.), J.—Plaintiffs seek to set aside a default judgment which abrogated their contract to sell an apartment business to the defendants herein and awarded the latter monetary recovery in the amount of $8,705 as actual and $20,000 as punitive damages.

Defendants' general and special demurrers to the complaint herein were overruled. They filed their answer and the cause came on for trial. Defendants moved and the trial court granted a motion for judgment on the opening statement of plaintiffs.*

Our examination of the record convinces us that the opening statement presented questions of fact concerning which plaintiffs are entitled to present evidence.

---

*Defendants argue that judgment was rendered after a trial on the merits, despite the fact that their counsel when making the motion said it was being made ''on the opening statement and remarks of counsel'' for plaintiffs and the official minute entry reads: ''. . . counsel for defendant interposed a motion for judgment on the opening statement of plaintiff. Whereupon the Court ordered said motion granted.'' The minute entry does not indicate that a more formal order was to be made.

Our examination of the record convinces us that court and counsel

From the opening statement and the complaint (which was made a part of the opening statement) it appears: plaintiffs herein were served with summons in the other action. They went to an attorney who obtained from the attorney for defendants herein (plaintiffs in the other action) an indefinite extension of time to plead. Shortly thereafter plaintiffs and their attorney mutually agreed they should retain other counsel because he represented other parties who had interests potentially adverse to plaintiff. On November 17, 1954, their attorney mailed plaintiffs a letter (also made a part of the opening statement) in which he said: "This is to confirm my telephone conversation with Mrs. Jorgensen on Monday in which it was understood that you people are going to employ another firm of attorneys to represent you in connection with the above matter, and that our charge for services to-date would be $25. In that conversation I pointed out to Mrs. Jorgensen it was imperative that an answer or other pleading be filed in response to the plaintiff's complaint and that she would make arrangements to call upon me or Mr. Lerer to pick up the papers which you gave us. We have been keeping the time to plead open but cannot keep the case in suspense indefinitely. I discussed our telephone conversation with Mr. Lerer and he will be happy to see either of you when you come in. I wish to stress the fact it is important that you procure legal representation at once so your rights are not prejudiced. I suggest you make an appointment with either Mr. Lerer or myself as soon as possible."

December 22, 1954, plaintiffs' former attorney filed an answer on behalf of the other defendants in the other action.

January 26, 1955, plaintiffs' default was entered.

July 27, 1955, judgment was taken against them.

Upon receipt from the clerk of the court of a postcard notice of the judgment, they sought and retained their present counsel who on August 17, 1955, filed the complaint herein.

It does not appear that they did anything after receipt of the letter from their former attorney until receipt of the clerk's notice of judgment. By way of explanation the com-

---

regarded it simply as a motion upon plaintiffs' opening statement; an understanding not altered by the introduction of some documentary evidence after the court had orally announced the granting of the motion. Indeed, in reference to such evidence, plaintiffs' counsel upon that occasion said: "Also, your Honor, *may it be deemed that the complaint* on file herein to which I referred *may be deemed a part of the opening statement?*" In response thereto, counsel for defendants said, "The whole record can be deemed a part *of it.*" (Emphasis added.)

plaint alleges that the plaintiffs "believed ... they would be notified ... when and if an appearance would be required from them." Counsel in his opening statement said: "My understanding of the facts is that they waited for somebody to let them know if they had to do something, which I must say is negligence, but I have to disagree with counsel's statement that merely because they were negligent that they lost their rights. In negligence, and I have some cases in my points and authorities ... It has got to be negligence, plus prejudice."

This statement, say the defendants, was an admission that plaintiffs were "negligent" and thereby lost any right they otherwise may have had to challenge the judgment in question. We do not think that could be said as a matter of law. "Negligence" was perhaps an unfortunate word to use. It has potentially broad connotations. But when in the same breath counsel said it takes negligence "plus prejudice," he is not necessarily unsaying what he had just been saying: that his clients honestly believed they had an indefinite extension of time and felt they could wait until further notice. The latter concept presents questions of fact, among them these: Did plaintiffs really so believe? Did the circumstances of the case furnish a basis for such a belief and reliance upon their part? The fact that they had been engaged in the apartment house business for some time did not, as defendants would have us conclude, token (as a matter of law) the possession by plaintiffs of such knowledge and sophistication as might render the delay inexcusable even if upon the trial the circumstances prove to be such that an attorney-defendant would have no possible excuse.

The order is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied March 20, 1958, and respondents' petition for a hearing by the Supreme Court was denied April 16, 1958.