[Civ. No. 17596. First Dist., Div. One. Mar. 25, 1958.]

WILLIAM BURROWS et al., Respondents, v. LILLIAN C. JORGENSEN et al., Appellants.

Sugarman, Bernheim & Gilbert and Irving C. Sugarman for Appellants.

Joseph A. Brown for Respondents.

BRAY, J.—Defendants appeal from an order appointing a receiver upon proceedings heard together (1) under a complaint in equity to set aside transfers allegedly in fraud of creditors; (2) under supplementary proceedings in the original case.

### QUESTIONS PRESENTED

1. Was the appointment of a receiver of the leased apartment houses improper (a) because the transfers of the leases

were for consideration, (b) because of the provision providing for cancellation in the event of the appointment of a receiver?

2. Was the appointment of a receiver to receive future income proper?

## RECORD

Plaintiffs filed an action for fraud in the sale of a certain leasehold. Defendants defaulted and judgment was entered in favor of plaintiffs for $8,075 damages and $20,000 exemplary damages.* Plaintiffs moved for appointment of a receiver to take over the management and control of defendants' property to satisfy the judgment. Theretofore plaintiffs filed an action to set aside transfers in fraud of creditors. An order to show cause why a receiver should not be appointed was heard together with the above mentioned motion for appointment of receiver. On August 14, 1956, a minute order of the Honorable Twain Michelsen, Judge of the Superior Court of San Francisco, granting the appointment of a receiver was entered in each proceeding. On August 24, defendants appealed in each proceeding from said order. However, on August 15, in the action to set aside transfers, Honorable Theresa Meikle, judge of said court, signed a formal order appointing a receiver in said action, which order was entered on August 27.† At defendants' request and pursuant to rule 2(c), Rules on Appeal, we deem defendants' notices of appeal valid as to both orders. See *Larrus* v. *First Nat. Bank* (1954), 122 Cal.App.2d 884, 886 [266 P.2d 143].

In the original case defendants Lillian and Hans Jorgensen appeared before a referee in an examination into their assets. It appeared they consisted of a joint checking account, balance $50, $1,000 in Federal Savings and Loan Company which had been assigned to their attorneys for services, and a 1950 Plymouth. Prior to May 19, 1956, said defendants were in the business of operating leaseholds (apartment buildings). Judgment was entered in the original action July 27, 1955. On May 19, 1956, the Jorgensens transferred three leaseholds to their daughter and son-in-law Joyce and Gene Camozzi. No money was paid for these transfers. One lease had 10 months

---

*An action was brought by defendants to set aside this judgment. A judgment of nonsuit was granted therein upon the opening statement of defendants (plaintiffs there). Upon appeal we reversed this nonsuit judgment. See *Jorgensen* v. *Burrows*, 157 Cal.App.2d 638 [321 P.2d 465].

†Apparently after Judge Michelsen entered the minute order the matter was presented to Judge Meikle for formulation of the formal order.

to run, one had four years, and the third three years left. All three leases contain provisions restricting assignment and for termination in the event of transfer by operation of law. The lease of 925 Geary Street provides for cancellation in the event of the appointment of a receiver. Lillian testified that the transfers were made on advice of the landlords who consented thereto. The furniture at two of the leaseholds is security for a loan of $7,800 from Morris Plan. The furniture at the third leasehold is security for the performance of that lease. The Camozzis assumed the obligations of the leases and of the Morris loan, their names being now on the leases and note with the Jorgensens. There is no agreement that the Jorgensens are to receive any income from the leased properties.

1. *Receivership.* (a) Consideration.

■ Defendants contend that all the transfers were for consideration and not in fraud of creditors; hence the appointment of a receiver was improper. They contend that the consideration was the assumption of the Morris Plan loan by the transferees and of the obligations under the leases. Mrs. Camozzi testified that the leases were not worth over the $8,000 loaned by Morris Plan. There was no contrary testimony. However, plaintiffs' attorney made an offer to prove that they were worth $25,000. The court did not rule on the offer as the parties became sidetracked on an unaccepted offer of settlement. Plaintiffs offered no evidence on the subject nor was the court ever asked to rule upon said offer of proof.

In *Peterson* v. *Wilson,* 88 Cal.App.2d 617, 626 [199 P.2d 757, 6 A.L.R.2d 258], we quoted from *Mix* v. *Yoakum,* 138 Cal.App. 290, 294 [31 P.2d 1071] : " 'A conveyance, in consideration of the assumption of a mortgage on the property, is based on a valid consideration. There is authority for the proposition that where the property conveyed is of value in excess of the mortgage, an agreement on the part of the grantee to pay the same is not a valuable consideration as against the grantor's creditors. It has been held in this state that the disparity between the value of the property and the encumbrance must be such as to show gross inadequacy of consideration. [Citation.] . . .' " and held that the burden of proving disparity between the value of the property and the debt assumed is on the creditor. In view of plaintiffs' failure to prove such disparity we cannot find that there was not consideration for the transfer. But that fact alone does not make the appointment of the receiver void. ■ Even

where a transfer is made upon consideration, nevertheless the transfer may be set aside if it was made with intent to delay, hinder or defeat creditors. (*Cioli* v. *Kenourgios*, 59 Cal.App. 690 [211 P. 838].)

*Peterson* v. *Wilson, supra*, 88 Cal.App.2d 617, cited by defendants, is not in point. There the court expressly found that the conveyance in question was not made in anticipation of an adverse judgment against the grantor nor to hinder, delay or defraud the creditor.

"In such a case, the fact that the transferee gave consideration is immaterial." (*Heffernan* v. *Bennett & Armour*, 110 Cal.App.2d 564, 585 [243 P.2d 846]; *Chichester* v. *Mason*, 43 Cal.App.2d 577, 586 [111 P.2d 362]; *Puccetti* v. *Girola*, 63 Cal.App.2d 240, 252 [146 P.2d 714]; see also Civ. Code, § 3439.07.) The fraud must be proved by clear and convincing evidence because there is a presumption of fair dealing and against fraud. (See *Hedden* v. *Waldeck*, 9 Cal.2d 631, 636 [72 P.2d 114].) In our case the fact that the transfers were made to delay, hinder or defeat plaintiffs' judgment clearly and convincingly appears. The transfers were made the day after the Jorgensens were served with order of examination in the original action. When Mrs. Jorgensen was asked if this was not so, defendants' counsel interrupted and stated: "That is the reason why she had to do it. There is no question about it." Mrs. Jorgensen practically admitted the same thing. The transfers were of almost all of Jorgensens' nonexempt property (an indication of fraud—see *Keeley* v. *Anderson*, 14 Cal.App.2d 467, 471 [58 P.2d 410].) The transferees were a daughter and a son-in-law (also an indication of fraud—*Menick* v. *Goldy*, 131 Cal.App.2d 542, 547 [280 P.2d 844]). Section 564, subdivisions 1, 4 and 7, Code of Civil Procedure, authorize the appointment of a receiver in actions of this kind. See also *Heffernan* v. *Bennett & Armour, supra*, 110 Cal.App.2d 564, 588; *Murray* v. *Murray*, 115 Cal. 266, 274-275 [47 P. 37, 56 Am.St.Rep. 97, 37 L.R.A. 626]; *Sibert* v. *Shaver*, 113 Cal.App.2d 19 [247 P.2d 609].

As the trial court impliedly found that the transfers were made with the intent to delay, hinder and defeat plaintiffs' judgment, the appointment of the receiver was proper unless affected by the other grounds urged.

(b) Cancellation provisions.

 The only lease providing for cancellation in the event of appointment of a receiver is that of 925 Geary. It and the

other two leases provided that an assignment without the landlord's consent either voluntary or involuntary or by operation of law or otherwise would be void and cause for termination of the lease. Defendants contend that these provisions present a situation analogous to a debtor's *exempt* property as to a transfer of which it is well settled that a creditor may not complain. See *Prudential Ins. Co.* v. *Beck,* 39 Cal.App.2d 355 [103 P.2d 241]; *In re Johnson,* 97 F.Supp. 779; *American State Bank* v. *Butts,* 111 Wash. 612 [191 P. 754, 17 A.L.R. 168]. However, the leases are not analogous to exempt property because the leases can be reached if the lessor consents to a transfer either by sale or by the court order appointing a receiver. As most leases contain such restrictions on transfer, such a ruling practically would make all leases exempt property. *Elson* v. *Nyhan,* 45 Cal.App.2d 1 [113 P.2d 474], is not in point. It dealt with the refusal of the trial court to appoint a receiver to take possession of cab licenses. The case did not hold that a receiver could not be appointed. It held that as the appointment of a receiver rests entirely within the discretion of the trial court, and the transfer of such licenses required the consent of the police commission whose policy was to refuse to recognize involuntary transfers, the trial court did not abuse its discretion in denying a receiver. With the possible exception of the Geary Street lease, the covenants of the leases against involuntary assignment are not sufficiently strong to prevent the taking of possession by the receiver of the leased premises. While the question of the effect of such covenants has not been decided in California, it appears from the following cases in other jurisdictions that the receiver acquires no title but only the right to possession as an officer of the court and hence his appointment is not a violation of the type of covenant against assignment here. See *Bell* v. *American Protective League* (1895), 163 Mass. 558 [40 N.E. 857, 47 Am.St.Rep. 481, 28 L.R.A. 452]; *Durand & Co.* v. *Howard & Co.* (1914, 2nd Cir.), 216 F. 585; *Fleming* v. *Fleming Hotel Co.* (1905), 69 N.J.Eq. 715 [61 A. 157]; *Gazlay* v. *Williams* (1908), 210 U.S. 41 [28 S.Ct. 687, 52 L.Ed. 950]. See *H. D. Roosen Co.* v. *Pacific Radio Pub. Co.,* 123 Cal. App. 525, 534 [11 P.2d 873]: "The receiver does not occupy the status of an assignee. His function is that of a minister of the court in possession of the property, to the end of conserving the rights of everybody having any interest . . ."

Even as to the provision in the Geary Street lease giving the landlord the option of terminating the lease upon appointment

of a receiver, we do not consider that it gives the lease the status of exempt property. It becomes a matter within the discretion of the court as to whether it will appoint a receiver and chance the possibility that the landlord may not exercise his right to terminate. At oral argument it was conceded that the landlords have consented to the possession by the receiver.

## 2. *Future Income.*

As to the Geary Street property, the order appointing the receiver does not give the receiver the power to take possession of the lease or the property. It expressly provides that the receiver is not to take charge or possession of the apartment house. It provides that the receiver is to receive from Mr. and Mrs. Camozzi all rents which they may receive from the apartment house over the actual minimum running expenses of the house and orders them to pay the same to the receiver. Apparently the order was limited to avoid the possibility of the landlord attempting to terminate the lease because of the receivership clause.

 Defendants contend that the order is erroneous in that it is a receivership of defendants' future earnings. Defendants rely upon the rule in other jurisdictions that under proceedings supplementary to execution a court may not appoint a receiver to collect the debtor's future salary or earnings. (See *In re Trustees of Board of Publications & Sabbath School Work* (1898), 22 Misc. 645 [50 N.Y.S. 171] ; *Kroner* v. *Reilly*, 49 App.Div. 41 [63 N.Y.S. 527] ; *Archer* .v. *Whiting* (1889), 88 Ala. 249 [7 So. 53] ; *Hand* v. *Ortschrieb Bldg. Corp.*, 136 Misc. 692 [240 N.Y.S. 589].) However, we are dealing here, not with the debtor's salary or earnings, but with income from his property which may be being fraudulently held by his grantees, which income is impounded by the order made in the proceedings to set aside the transfers. If the action is successful the apartment houses will be subject to the lien of plaintiffs' judgment in the original action. The court could have appointed the receiver to take charge of the apartment houses, operate them, and withhold the net income, if any, to await the determination of the case. See *J. M. Overell Furniture Co.* v. *Superior Court* (1918), 36 Cal.App. 745 [173 P. 176] (where the receiver was appointed to take possession of an apartment house, manage it, and conserve the profits pending the decision of the court) ; *Pacific. Bank* v. *Robinson* (1881), 57 Cal. 520 [40 Am.Rep. 120] (where the order di-

rected the judgment debtor to assign his patent to a receiver who was to sell it and apply the proceeds to the satisfaction of the judgment); *Habenicht* v. *Lissak* (1889), 78 Cal. 351 [20 P. 874, 12 Am.St.Rep. 63, 5 L.R.A. 713] (affirming an order appointing a receiver, directing the judgment debtor to assign seats in the stock exchange, and empowering the receiver to sell such seats to satisfy the judgment); *Neider* v. *Dardi* (1955), 130 Cal.App.2d 646 [279 P.2d 598] (where a receiver was appointed to protect and conserve the assets in an action for an accounting in a joint venture); *Heffernan* v. *Bennett & Armour, supra,* 110 Cal.App.2d 564 (where a receiver was appointed, in a suit to set aside a fraudulent conveyance, to take possession of the conveyed business and assets to conserve such property). As the court had power to turn the entire management and control of the apartment houses over to the receiver, we can see no reason why the greater does not include the lesser, and why the court would not have the power to impound the profits, if any. We are dealing here with property which the court may find was illegally transferred and should have been available for application to the plaintiffs' judgment. Thus the court could have ordered the property and its income preserved to await the final determination of the court. It is the earnings of the property which may ultimately be determined to be subject to plaintiffs' judgment that the receivership is dealing with and not the earnings of any of the defendants.

The order provided that as to the Geary Street property whoever of the defendants may be in possession must make no repairs without the receiver's consent, must keep good and sufficient books of account open to the receiver's inspection and give him a detailed statement of all moneys collected and expenses paid each week and turn over to him any surplus remaining over the amount expended for the expenses of operating the house, and shall apprise the receiver in the weekly account of any vacancies, of the renting of any apartment, and the amount of rent received therefor.

It was agreed at the oral argument that the Jorgensens were occupying and operating the house and that the Camozzis at no time were in possession or operating the house, and that the landlord had not objected to the receivership nor attempted to terminate any of the leases because thereof. Defendants contend that as the lease requires the lessees to maintain the premises as an apartment house in a business-like manner, the effect of the order is to compel the Jorgensens to labor in

behalf of the plaintiffs. To a limited extent this may be true. However, the Jorgensens are living in the premises and whatever surplus there is from the rental of the property will ultimately either belong to them or their grantees outright or subject to a lien in favor of plaintiffs for the amount of any judgment they may ultimately obtain. Inasmuch as the receiver could have been authorized, as we have heretofore shown, to have taken over the entire operation of the house, we see no reason why the fact that the Jorgensens are not required to deliver possession and are permitted to operate the premises themselves, makes the order erroneous.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Pursuant to the request of the appellants, the appellants' petition for a rehearing was dismissed April 17, 1958.