[Civ. No. 11510.   First Dist., Div. One.—May 22, 1941.]

DORIS ELSON, Plaintiff, v. Mrs. JAMES NYHAN et al., Respondents; WALLACE T. FLETTER, Appellant.

Ackerman, Wayland & Mathews and Lloyd S. Ackerman for Appellant.

O'Connor, Neubarth & Moran and Harold H. Cohn for Respondents.

WARD, J.—This is an appeal from two orders; one discharging an order to show cause why a receiver after judgment should not be appointed, and the other denying a petition for such appointment and finally discharging the first mentioned order.

Certain questions presented may be passed without decision, namely, are taxicab permits or licenses subject to creditors' claims; does the law authorize the appointment of a receiver in aid of execution where the judgment sought to be enforced is an ordinary money judgment, and does an appeal lie from an order refusing to appoint a receiver? This appeal may be decided upon the sole ground of the court's discretionary power to deny the petition for the appointment of a receiver.

The facts of the case may be summarized as follows: Appellant's assignor recovered a money judgment in a personal injury action against Mrs. James Nyhan, James Nyhan and Robert Wetherill, following which, execution having been returned unsatisfied, appellant assignee instituted proceedings supplemental to the execution and filed his petition for the appointment of a receiver in aid thereof. The trial court thereupon issued a temporary restraining order and order to show cause why a receiver should not be appointed. Following a hearing thereon the court made and entered its order and decision discharging the aforesaid order to show cause and permitting amendment to the petition for appointment of receiver by the addition of a paragraph alleging James Nyhan and one C. J. Galena to be co-partners doing business under a fictitious name. After hearing, an order was made denying the appointment of a receiver and again discharging the order to show cause. The appeal is from said orders as above specified.

From the record it appears that the only purpose in seeking the appointment of a receiver was to sell and transfer five licenses issued pursuant to the provisions of the Police Code of the City and County of San Francisco to James Nyhan for the operation of motor vehicles for hire.

The petition for the appointment of a receiver sets forth the recovery of the judgment by Doris Elson, its finality, the assignment thereof, the failure of the defendants in the negligence action to apply their property in satisfaction of the judgment, the issuance of a writ of execution and the return thereon and that Mr. and Mrs. Nyhan are the owners of five licenses permitting operation of vehicles for hire. The return to the order to show cause recites that adequate public liability insurance was carried to cover the judgment in the personal injury action; that the appellant assignee, who purchased the judgment for the sum of $1500, is an official of a rival taxicab company and is not proceeding in good faith about the matters set forth in the petition.

The record shows that licenses similar to those held by the Nyhans have been transferred for a monetary consideration ranging from $100 to $1,000; that shortly prior to the hearing of the petition for the appointment of a receiver, $700 or $800 was paid for such a transfer; that the value of the permits in question may run as high as $5,000. Doubtless the exigency of the occasion necessitating a sale and the financial ability of the buyer play a part in fixing the price. It may be conceded that at a forced sale a receiver would not be required to obtain more than the face value of the judgment, approximately $2,500. A reasonable inference may be drawn, also, that Nyhan would be at a greater disadvantage in a sale by a receiver than in a private transfer. According to the petition, the exact interest of the partnership of Nyhan and Galena in the licenses is not disclosed.

Assuming that a receiver should be appointed, no sale could be consummated without the approval of the Police Commission after notice of the application had been filed and published and the payment of a fee. All other holders of existing licenses may appear before the commission and contest upon the ground that public convenience and necessity do not require the operation of the vehicles represented by the

permits in question. The burden of proof is "upon the applicant to establish by clear and convincing evidence which shall satisfy the Police Commission beyond a reasonable doubt" that the permits should issue. (Police Code of the San Francisco Municipal Code, sec. 1077.) The applicant is required in other respects to supply any and all additional information. "All such permits or licenses granted hereunder shall be transferable only upon the consent of the Police Commission after written application." (Police Code of the San Francisco Municipal Code, sec. 1079; see, also, secs. 1075, 1076, 1077, 1078 [Ordinance No. 11.01111 of the City and County of San Francisco].)

Should the application be denied, the possibility of an appeal to the board of permit appeals might be involved (Charter of the City and County of San Francisco, sec. 24; Stats. 1931, pp. 2991, 2992), or that of an application to the state court for relief from an alleged arbitrary action on the part of the Board of Police Commissioners.

Evidence was introduced that it was the policy of the commission to refuse to recognize involuntary transfers. The transcript on appeal relative to the first order discharging the order to show cause contains the following: " . . . the court thereafter gave its opinion that the appointment of a receiver as prayed would be an idle act since the San Francisco Police Commission would not recognize a transfer thereof upon such receiver's sale." The transcript is silent as to any such expression by the court in finally ruling on the petition and said order after further evidence was taken.

The appointment or refusal to appoint a receiver rests entirely within the discretion of the trial court. (*Bank of Woodland* v. *Heron,* 120 Cal. 614 [52 Pac. 1006] ; 23 R. C. L., pp. 39, 40; 53 Cor. Jur., sec. 20, p. 34.) "An appellate court is never justified in substituting its discretion for that of the court sitting *nisi prius.*" (*Lent* v. *H. C. Morris Co.,* 25 Cal. App. (2d) 305, 308 [77 Pac. (2d) 301].) When there has been a plain miscarriage of justice the appellate court will rectify an abuse of discretion by the trial judge. (Const. Cal., art. VI, sec. 4½.) In *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal. App. (2d) 389, 405 [50 Pac. (2d) 106], the court said: "The rule is established that the appointment of a receiver rests largely in tne discretion of the trial court and that its action in appointing a receiver

or its refusal of an application for the appointment of such an officer will not be disturbed in the absence of a showing that the court's discretion has been abused."

 Receivers are often legal luxuries, frequently representing an extravagant cost to a losing litigant. When it appears that no reasonably certain benefit will result to one litigant, and a distinct disadvantage will result to another, courts should weigh carefully the propriety of appointing a receiver. ██ Under all of the circumstances as they appear in the record, we are unable to say that the trial court abused its discretion in refusing to make the appointment.

The orders appealed from are affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 17, 1941. Carter, J., voted for a hearing.