[Civ. No. 12327.   First Dist., Div. Two.   Nov. 9, 1943.]

INNOCENZIO MARCHESE, Appellant, v. CARMELA MARCHESE, Respondent.

Grattan, Kirby & Pasquinelli and Louis Pasquinelli for Appellant.

No appearance for Respondent.

NOURSE, P. J.—This cause comes to us under Rule 17(b) of the Rules on Appeal providing that when the respondent fails to file a brief within the time prescribed "the clerk of the reviewing court shall notify the parties by mail that the case may be submitted for decision on the record and on the appellant's opening brief unless the brief is filed within 30 days . . . (and) the court may accept as true the statement of facts in the appellant's opening brief. . . ." Pursuant to the rule notice was duly given, and no brief having been filed by the respondent, the cause was ordered submitted.

Accepting appellant's statement of facts we find that the parties were formerly husband and wife, but were divorced before this proceeding was begun. At the time of their marriage the wife was in debt upon an obligation of $2,400 secured by a lien upon her separate property. In July, 1936, she executed an unsecured promissory note to plaintiff in the sum of $1,200. In September, 1938, she executed another promissory note to plaintiff, secured by a deed of trust, and the previous loan upon the property was paid off. This note was executed in the office of defendant's attorney, and nothing was said at the time regarding the previous loan of $1,200. After the parties were divorced plaintiff commenced this action upon the $1,200 note, and defendant resisted upon the theory that the note of September, 1938, was intended as an evidence of all indebtedness owing from her and that the $1,200 note was thereby paid and discharged. Her answer alleged that the note was paid in full before the commencement of the action, the trial court found that allegation to be true, and gave judgment for the defendant.

The burden of plaintiff's appeal from the judgment is that the evidence is insufficient to support this finding. Appellant states that the only evidence is found in the testimony of respondent that all the money she had owed appellant was covered by the note of 1938, and that all the money she had "ever borrowed from him was in that trust deed" and had been paid back. When we bear in mind that the respondent was foreign born and understood our language imperfectly we are impelled to follow the judgment of the trial court and say that this meager evidence was sufficient to show that the old note was paid at the time the parties executed the new obligation. In support of this conclusion we find other testimony in the record tending to show that from the time of the marriage appellant took complete control of the family fi-

nances, that the wife earned approximately the same as the appellant, and that there were frequent disputes over these matters. The respondent testified that both notes were executed after the insistent demand of appellant, and that it was agreed and understood that each represented her existing indebtedness, that, after the execution of the first note, appellant advanced the sum of $800, and that the second note was executed upon appellant's assurance that it was necessary that the amount of the whole indebtedness be secured by a trust deed.

Appellant relies strongly upon the presumption that a second note does not extinguish the indebtedness evidenced by a former note unless there is an express agreement to that effect, citing *Dingley* v. *McDonald*, 124 Cal. 90 [56 P. 790], and *Anglo-California Trust Co.* v. *Wallace*, 58 Cal.App. 625 [209 P. 78]. But here a reasonable analysis of respondent's testimony is that such an express agreement was made when the parties agreed that the second note should represent all that she "ever borrowed from him."

Appellant also relies upon the presumption of nonpayment arising from the payee's continued possession of the note. Like the former presumption this is merely some evidence, which may be rebutted, and the explanation of the circumstances given by the respondent merely created a conflict for the trial court to decide.

Finally, it is argued that the defense of novation should not be considered because it was not pleaded. We do not understand that such defense is involved here. It is respondent's theory that, after she had borrowed from appellant $1,200 and executed the note in suit, she borrowed $800 more, and that, some two years after the first note was executed, appellant demanded of her that she put the whole indebtedness in one note and secure it by a deed of trust covering her separate property. The effect of the findings is that when she later paid the full sum of $2,000 she thereby paid off the old note. We are satisfied that such conclusion is fair and reasonable and supported by the evidence.

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem, concurred.