[Civ. No. 12753.   First Dist., Div. One.   Dec. 4, 1944.]

FLOYD BALDWIN, Appellant, v. LILLIAN BALDWIN, Respondent.

176

Henry J. Kleefisch for Appellant.

Ben K. Lerer for Respondent.

WARD, J.—This is an appeal from an order appointing a receiver. Plaintiff in his complaint sought judgment for money had and received and on an account stated. Defendant answered and cross-complained, alleging a partnership in the business of "Floyd Baldwin, Painting and Decorating." She demanded an accounting and filed a motion for the appointment of a receiver. Plaintiff answered defendant's cross-complaint. Affidavits were filed by the parties in opposition to and in support of the application for the appointment of a receiver respectively. The matter was submitted upon the pleadings, the affidavits and the testimony of the parties. The trial court entered an order appointing a receiver, and it is from this order that the plaintiff and cross-defendant has taken this appeal.

The clerk's and the reporter's transcripts having been filed, followed in due time by appellant's brief, and the respondent having presented no answering brief, the matter has accordingly been submitted under rule 17(b) of the Rules on Appeal. (22 Cal.2d 14.)

Where a respondent has filed no brief within the time prescribed, and no sufficient showing of excuse is made, the appeal may be submitted on the secord under rule 17(b) *(Zeigler* v. *Bonnell,* 52 Cal.App.2d 217 [126 P.2d 118]; *Marchese* v. *Marchese,* 61 Cal.App.2d 307 [142 P.2d 936]), and the statement of facts in appellant's brief accepted as true. The submission for decision upon appellant's brief is discretionary. *(Ramacciotti* v. *Galiano,* 59 Cal.App.2d 8 [137 P.2d 722].) The word "may" is used in a permissive sense. (Rule 40(d).) The general rule in many jurisdictions is that on the failure of respondent to file a brief on appeal, the court may reverse without considering the merits, or may consider the merits and affirm or reverse the judgment. (3 Am.Jur., § 781, p. 338; 4 C.J.S., pp. 1929-1930.) The rule that should be followed is that of examining the brief of appellant to see whether the error or errors complained of would probably

entitle such party to a reversal, and, if necessary, examine the record to ascertain, if possible, whether such reversal would result in a miscarriage of justice. (Cal. Const., art. VI, § 4½; *Lutz* v. *Merchants Nat. Bank* 179 Cal. 401 [177 P. 158] ; *Duisenberg-Wichman & Co.* v. *Johnson,* 120 Cal.App. 227 [7 P.2d 1081].)

We believe, particularly in view of appellant's admission that his brief contains an inadvertent misstatement of fact, that the record on appeal containing the pleadings, affidavits received and filed, testimony, statements of counsel and the rulings of the court, in fact the complete record, should be considered.

Appellant contends that the affidavit and testimony in support of the motion for the appointment of a receiver were insufficient for that purpose, and that there is no evidence of any assets that would be subject to receivership. Certain portions of appellant's brief in reference to one of the affidavits will not be considered inasmuch as it appears and is admitted that a statement quoted therein as appearing in respondent's affidavit is not of record on appeal.

When it appears that evidence thereon is conflicting, proof of an actual business partnership, that the business is insolvent and that assets are being wasted or misappropriated, are matters entirely in the hands of the trial court. The evidence may be in the form of allegations in a complaint or other pleading, by affidavit or by testimony. (45 Am.Jur., pp. 90, 91, §§ 103, 105.) The facts found, though in conflict with other evidence stated in an affidavit or otherwise favorable to the prevailing party, are binding on a reviewing court. In *Misita* v. *Distillers Corp., Ltd.,* 54 Cal.App.2d 244, 250 [128 P.2d. 888], the court said: "An appellate court is never justified in substituting its discretion for that of the court sitting *nisi prius*. Its power is limited to the determination whether there has been such an abuse of discretion that it has resulted in a miscarriage of justice." (See, also, *Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441] ; *Moore* v. *Oberg,* 61 Cal.App.2d 216 [142 P.2d 443] ; *Breedlove* v. *J. W. & E. M. Breedlove Excavating Co.,* 56 Cal.App.2d 141 [132 P.2d 239].)

It is not necessary to give a detailed account of the personal and business relations of the parties from 1938 until the filing of this action. It is sufficient to say that respondent testified she loaned appellant the money with which

to go into business; that she was his business partner; that she assisted him in the manual performance of their undertakings; that she did the banking and paid the bills from funds of the business deposited jointly in her name and that of appellant; that the assets of the business amounted to approximately $10,000 and that appellant had threatened to ruin the business rather than account to her. This evidence, though contradicted, is sufficient to deter a reviewing court from interfering with the order appointing a receiver. Under all of the circumstances of the case we are not convinced that the "court's discretion has been abused." *(Sunset Farms, Inc.* v. *Superior Court,* 9 Cal.App. 2d 389, 405 [50 P.2d 106] ; *Elson* v. *Nyhan,* 45 Cal.App.2d 1 [113 P.2d 474].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.