[Civ. No. 16910. Second Dist., Div. Two. June 13, 1949.]

MYRTLE G. McNEIL et al., Respondents, v. GEORGE V. GRANER, Appellant.

[Civ. No. 16911. Second Dist., Div. Two. June 13, 1949.]

COMMONWEALTH ROYALTIES, INC. (a Corporation), Respondent, v. GEORGE V. GRANER, Appellant.

[Civ. No. 16912. Second Dist., Div. Two. June 13, 1949.]

C. A. LAMBERT, Respondent, v. GEORGE V. GRANER, Appellant.

R. G. Akers for Appellant.

John E. Sisson, Edward J. Cotter and Butts & Grosenbaugh for Respondents.

MOORE, P. J.—Appeals from orders appointing a receiver in each action. The ensuing discussion involves the issues of cause 16910. The conclusions derived will be applied to the companion cases.

Appellant is the owner and operator of numerous oil-bearing properties in which respondents claim various interests. By a previous action respondents had been awarded a substantial judgment against appellant based upon his fraud in commingling oil from different wells, in overcharging for operating expenses and in submitting false royalty statements. The instant action was instituted to recover for similar activities subsequent to the prior judgment.

After their action was commenced, respondents filed application for the appointment of a receiver. Their pleading was supported by an affidavit of respondent Keitel. It was opposed by the affidavit of appellant. No oral evidence was taken at the hearing on the order to show cause but the file in the prior case was received in evidence.

Respondents' affidavit set forth the alleged fraudulent practices of appellant, the prior judgment substantiating them, and appellant's threats to abandon or shut down certain wells and to transfer his interests in others. Appellant's counter-affidavit set forth that he was prosperous, affluent, of good name, reputation and credit and able to respond in damages; that he had not quitclaimed any of his leaseholds; that although he had intended to abandon one well he was presently engaged in activities designed to increase its productivity; that the prior judgment was based upon the trial court's misconstruc-

tion of the provisions of various oil assignments, which misconstruction was in the process of being rectified by appeal.

The trial court found that "the assets of the defendant . . . are in danger of being lost and dissipated to the irreparable injury of the plaintiffs" and appointed a receiver pending the determination of the action.

In view of the fact that there is substantial evidence to support the order, it must be affirmed. At the trial of the matter the court had before it the file in the previous action. If the affidavit of respondents for the appointment of a receiver was itself deficient, such deficiency was cured by the trial court's review of the prior proceedings and its determination that in view of the former adjudication of fraud the appointment of a receiver had become appropriate. Based upon such evidence, though controverted by appellant, the action of the trial court cannot be said to be an abuse of discretion. (*Moore* v. *Oberg,* 61 Cal.App.2d 216, 221 [142 P.2d 443] ; *Baldwin* v. *Baldwin,* 67 Cal.App.2d 175, 177 [153 P.2d 567].) The cases relied upon by appellant are distinguishable. In *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 P. 926], the court held that the evidence was insufficient to warrant the substitution of one receiver for another. *Rogers* v. *Smith,* 76 Cal.App.2d 16 [172 P.2d 365], held that the application for receivership was "predicated upon a nonexistent state of facts" and that the remedy of attachment was available and adequate. In neither case had there been a prior adjudication of fraud.

Unquestionably, it is the rule that a receiver pendente lite will not be appointed when the rights of the applicant may be as well secured by injunction or other adequate remedy. (*Dabney Oil Co.* v. *Providence Oil Co.,* 22 Cal.App. 233, 239 [133 P. 1155] ; *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384, 393 [90 P.2d 75].) But it does not necessarily follow that this general rule is applicable in the instant action. In the Dabney Oil case the court was considering the applicability of only subdivision 1 of section 564 of the Code of Civil Procedure which provides for the appointment of receivers. It was held that the court has no power to appoint a receiver pendente lite, unless it is satisfied that the right of the plaintiff in the property or funds or the proceeds thereof is probable, and also that the property or fund is in danger of being lost, removed or materially injured. If the facts are insufficient to justify the issuance of an injunction

against defendant's paying out the net proceeds of the operation of the property, it would be oppressive to apply the more stringent order of appointing a receiver to obtain a like result.

Whereas the Dabney case involved subdivision 1 of section 564 of the Code of Civil Procedure, the instant action falls more clearly within the purview of subdivision 7, which provides that a court may appoint a receiver "in all other cases where receivers have heretofore been appointed by the usages of courts of equity." This broad provision gives to the court all the discretion formerly utilized by the chancellor. His determination that under detailed circumstances injunctive relief would be inadequate, and that resort should be made to receivership, will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. (*Moore* v. *Oberg, supra.*) In the instant case there is no showing how injunctive relief would protect respondents from the continued perpetration of practices which prior litigation had determined to be fraudulent. The trial court had before it a record from which it could conclude that the appointment of a receiver was required by the facts established. Hence, its decision will not be disturbed.

The order in each case is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1949.