[Civ. No. 18963.   Second Dist., Div. Two.   Sept. 4, 1952.]

RENA C. SIBERT, as Administratrix, et al., Respondents, v. GEORGE W. SHAVER, Appellant.

Demetriou & Viney, and Wood, Crump, Rogers, Arndt & Evans for Appellant.

Richard L. North for Respondents.

MOORE, P. J.—This appeal is from the order appointing a receiver. The original action was (a) to enforce (1) the rescission of an assignment by respondents of their interest in a patent and (2) an accounting to Mrs. Sibert as administratrix of the affairs of a partnership between appellant and decedent and (b) for a receiver. The facts are fully set forth in the decision of this court in action No. 18771. (111 Cal.App.2d 833 [245 P.2d 514].) By the judgment thereby affirmed, the court decreed (1) the existence of a partnership, (2) the rescission of the assignment of decedent's interest in the patent on a potato slicer, (3) a settlement of the partnership·affairs and (4) accounting to the estate of decedent under the supervision of the probate court for the interest of decedent in the partnership and in all profits collected by appellant from the business he conducted for and on behalf of the S & S Specialty Company. Not having received any accounting in probate and none appearing likely, respondents by due proceedings caused the court below to make and enter its order appointing a receiver to "take immediate possession of and safely keep until the further order of this court, all of the business, books,

records, property and assets of the partnership S & S Specialty Co. . . . and to collect and receive . . . moneys due to or on account of the said partnership business and to take possession of all the stock in trade, effects, records and property of every nature and kind belonging to the said business, with power to manage and operate the said business and to do whatever may be necessary and proper to maintain and preserve the same pending the appeal herein.''

Appellant bases his demand for reversal of the order on the theory that a custodian for the books would have protected respondents and that a receivership was not necessary for that purpose. He argues that the allegations of the affidavit for a receiver, with one exception, are conclusions and that the latter cannot form the basis for the appointment, citing *McCaslin* v. *Kenney,* 100 Cal.App.2d 87 [223 P.2d 94]. However, the affidavit that appellant has made statements that he would ''personally spend the entire proceeds from said partnership business before he would pay either of plaintiffs a nickel; that he would go bankrupt before he would account to them for anything and that he would never turn any of the books of said partnership over to anyone,'' was found to be true.

Believing that affidavit to be true is in itself sufficient warrant for the order. Moreover, the court had before it the findings of the court in the main action to the effect that appellant deceived respondents and wrongfully induced them to assign decedent's interest and by false statements kept them from knowledge of the true facts.

The appointment of a receiver is confided to the discretion of the trial court (*Baldwin* v. *Baldwin,* 67 Cal. App.2d 175, 177 [153 P.2d 567]; *Breedlove* v. *Breedlove Excavating Co.,* 56 Cal.App.2d 141, 143 [132 P.2d 239]; *Sunset Farms, Inc.* v. *Superior Court,* 9 Cal.App.2d 389, 405 [50 P.2d 106]) and the order will not be reversed in the absence of a clear showing of an abuse of discretion. (*Armbrust* v. *Armbrust,* 75 Cal.App.2d 272, 275 [171 P.2d 75]; *Moore* v. *Oberg,* 61 Cal.App.2d 216, 221 [142 P.2d 443].) It was not error to appoint a receiver merely because the plaintiff possessed other remedies which would have afforded ample protection. (*Sunset Farms, Inc.* v. *Superior Court, supra,* p. 405.) Where it appears that there is danger of a misappropriation of the property of the partnership and the evidence is conflicting as to the likelihood of loss, the reviewing court is in no position to say that the court

below has abused its discretion. (*Armbrust* v. *Armbrust, supra,* p. 275; *Moore* v. *Oberg, supra,* p. 221.)

Besides the fact of probable loss to respondents by leaving the assets of the partnership with appellant, there are other grounds for appointing a receiver herein. Such appointment is proper to carry the judgment into effect; to preserve the property during the pendency of the appeal. (Code Civ. Proc., § 564.) Moreover, appellant not only appealed from the judgment entered against him, but before the trial, at the trial, and even now maintains that decedent had no interest in the patent, or in the partnership despite the findings against him and according to the findings on the instant application he will spend the entire proceeds from said partnership business and will go bankrupt before he would account to his sister-in-law and niece and will permit no one to see the books of the partnership. Such a declaration as that found to have been made by appellant "is sufficient to deter a reviewing court from interfering with the order appointing a receiver." (*Baldwin* v. *Baldwin, supra,* p. 178.) While respondents have the right to have the estate of the partnership conserved for their benefit, the attitude of appellant offers no encouragement for them to expect it to be present when the judgment is finally affirmed. If he should "continue to operate the business" of the partnership "in the same manner after the rendition of said judgment as before," as declared by him, then respondents can expect nothing out of which to receive an accounting or payment to them for their share of the assets of the partnership. According to the implied findings, he has appropriated large amounts of money and property of the partnership to his own use; has ceased putting serial numbers on the machines sold; has sold products of a gross value in excess of $1,000,000 and "pocketed the money without any record or account thereof; is investing the proceeds of the business for his own purpose."

While it is true that respondents by their complaint asked for the appointment of a receiver and that such request was denied by the court's failure to mention it in the main judgment, yet such denial is not forever conclusive against respondents in view of the later factual developments. Appellant not only failed to file an accounting to the administratrix but denied all requests for same, concealed the partnership funds and by ceasing to place serial numbers on the slicers put it beyond her reach to detect

her losses. By reason of such conduct, it is not true that the facts constituting the basis of the instant demand for the appointment of a receiver were adjudicated in the original judgment. Judge Willis, the trial judge in the main action, was warranted in assuming at the close of the trial that appellant would abide by the law and submit to such final judgment as might be entered against him. Judge Swain who made the order from which this appeal is taken could not do so. The judge was confronted not only with the findings of fraud committed by appellant, but also with the facts of the latter's zeal to defeat his adversaries at any cost and of his possession of the means with which to accomplish his purpose.

Order affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied September 23, 1952, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1952.