[Civ. No. 19467.   Second Dist., Div. Two.   June 9, 1953.]

MAURICE M. REED, Respondent, v. HELEN REED, Appellant.

Joe Mayer for Appellant.

Hyman Getzoff for Respondent.

McCOMB, J.—Defendant appeals from an interlocutory judgment of divorce awarded to plaintiff. There is also a purported appeal from the order denying the motion for a new trial.

*Questions*: ■ First: *Was there substantial evidence to sustain the trial court's finding that plaintiff was entitled to a divorce on the ground of extreme cruelty?*

*Yes.* Plaintiff's testimony which was corroborated showed that defendant harassed him both at home and at his place of business, unjustly accusing him of having "affairs" with other women and also refused to take care of his personal needs. Plaintiff further testified that such conduct caused him great mental anxiety and made him extremely nervous. Such testimony substantiated the trial court's findings. It would serve no useful purpose to set forth other evidence which would also support the findings.

■ Second: *Did the trial court err in not granting a reference when certain witnesses served with subpoenas duces tecum failed to produce the records sought?*

*No.* The day before the trial certain subpoenas duces tecum were issued. There were no affidavits of service of said subpoenas. However, even assuming that they were duly served, there is no showing that the trial court abused its discretion in refusing to grant defendant's motion for a reference. Such question was addressed to the discretion of the trial court whose ruling, in the absence of a showing of an abuse thereof, will not be disturbed on appeal. (Code Civ. Proc., § 639; *cf. Sibert* v. *Shaver,* 113 Cal.App.2d 19, 21 [2] [247 P.2d 609].)

■ Third: *Was the interlocutory decree fatally defective and void because it recites that the trial took place on the 13th day of March when in fact it was tried on the 14th day of March?*

*No.* Such error was purely a clerical error subject to correction of the trial court under the provisions of section 473 of the Code of Civil Procedure at any time. (*Estate of Goldberg,* 10 Cal.2d 709, 716 [5] [76 P.2d 508].)

In addition, under the provisions of Article VI, section 4½, Constitution of the State of California, such error must be disregarded as it was obviously not prejudicial.

The purported appeal from the order denying the new trial is dismissed. The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.