[Civ. No. 16201.   First Dist., Div. One.   Feb. 9, 1955.]

SAM NEIDER, Respondent, v. VIRGIL D. DARDI et al., Appellants.

Phillip Barnett and Rodney H. Robertson for Appellants.

Harold B. Lerner for Respondent.

WOOD (Fred B.), J.—Upon this appeal by the defendants from an order appointing a receiver, contained in an interlocutory decree rendered in this action brought by one against the other of two joint venturers (plaintiff Neider and defendant Dardi) and a corporation (General Refrigerator Corporation) controlled and used by defendant Dardi in the conduct of the joint venture, the question is whether or not the trial court committed an abuse of discretion in ordering the appointment of a receiver.

There is no dispute concerning the existence of a joint venture. Admittedly, it includes the management and use of a lease of certain real property for a period of 10 years commencing January 1, 1948, owned jointly by plaintiff and by defendant Dardi. Dardi unsuccessfully claimed in the trial court that this venture also includes a certain refrigerator sales and repair business and that Dardi is entitled to substantial offsets on account of losses in that phase of the venture, questions with which we are not now concerned, however material they may become upon appeal, if any, from the final decree when rendered.

It also clearly appears that defendant has been in sole control of the venture, executing subleases, collecting rents and making disbursements through the medium of the defendant corporation.

There is substantial evidence that during the period January 1, 1948, to August 1, 1952, rentals received and accrued grossed in excess of $106,000, and netted in excess of $55,000; that Dardi made no accounting to plaintiff prior to suit and has paid over to plaintiff none of the proceeds; that the lease requires the lessees to pay all taxes, yet ad valorem taxes levied upon the leased premises in excess of $11,000 were unpaid as of July 31, 1952, and the property remained sold to the state for nonpayment of 1948-1949 taxes; that Dardi credited himself with $9,600 as salary for managing the venture—despite the absence of an agreement between the venturers for payment of any such compensation (see 30 Am.Jur. 705, Joint Adventures, § 53); that Dardi withdrew $90,000 in varying amounts over a four year period and repaid about one-half thereof to the leasehold venture account; that Dardi diverted in excess of $14,000 for the equipment, maintenance and repair of the premises used for a restaurant business belonging to him personally and not to the joint venture; and that on July 31, 1952, at the close of the accounting period, the bank balance showed a total of $1,730.02 on deposit and there appeared to be tax liabilities amounting to more than $22,000.

These facts were developed during the course of a trial of several days followed by an accounting and report by a referee appointed by the court, culminating in an adjourned hearing at which the referee was examined by counsel for plaintiff and for the defendants.

A clearer case could hardly be found for not disturbing the exercise by the trial court of its sound discretion to

appoint a receiver. It comes well within the purview of section 564 of the Code of Civil Procedure which provides that in the superior court "a receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in . . . an action . . . between partners or others jointly owning or interested in any property or fund [joint venturers], on the application of the plaintiff, or of any party whose right to or interest in the property or funds, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured . . ."

█ When, as here, there is substantial evidence that defendant Dardi has excluded his associate from participation in the management of the enterprise, from enjoyment of any share in its profits and from all knowledge of its transactions, the evidence would seem sufficient to support the decision of the trial court. When, in addition, there is evidence of dissipation of a very considerable portion of the receipts of the enterprise and the hazarding of the loss of its sole asset, the need for the appointment of a receiver to protect and conserve the assets and the plaintiff's share of future rentals is well nigh compelling. (See *Hampton* v. *Rose,* 3 Cal. App.2d 167 [39 P.2d 447], receiver appointed pending an action for an accounting and dissolution of a partnership; *Moore* v. *Oberg,* 61 Cal.App.2d 216 [142 P.2d 443], affirming appointment of a receiver for a joint venture, in a situation very similar to that of the instant case; *Baldwin* v. *Baldwin,* 67 Cal.App.2d 175 [153 P.2d 567], a receiver appointed in action for accounting where one partner threatened to ruin the business; *Armbrust* v. *Armbrust,* 75 Cal.App.2d 272 [171 P.2d 75], verified pleadings, used as affidavits, showed the probable interest of the respondent and the danger of misappropriation sufficiently to support the decision of the trial judge to appoint a receiver; *McNeil* v. *Graner,* 92 Cal.App.2d 371 [206 P.2d 1120], an order appointing a receiver must be affirmed if there is substantial evidence supporting it.)

Dardi's principal attack seems to be upon the nonappealable portion of the interlocutory judgment, which awards plaintiff $29,000 and was predicated upon the accounting had during the trial and upon findings that the joint venture does not include the refrigerator business. He then contends that until those issues are finally determined there can be no receiver appointed. █ Such an argument ignores

the main purpose of a receivership, that of receiving ''the rents, issues and profits of the land or other thing in question pending the suit, where it does not seem reasonable to the court to entrust either party with such right. ■ He is an officer or representative of the court, appointed on behalf of all the parties who may establish rights in the cause, to take the charge and management of property which is the subject of litigation, for the purpose of preservation and ultimate disposition according to the final judgment therein. He is a custodian of the property committed to his charge.'' (22 Cal.Jur. 428, Receivers, § 2.)

Dardi claims the court was without jurisdiction to appoint a receiver because, assertedly, the complaint does not in so many words request a receiver. The statute does not prescribe the form, written or oral, in which a plaintiff or other interested party may make such an application. ■ It suffices in the instant case that the verified complaint stated facts sufficient to sanction the appointment of a receiver and included a prayer for general relief. Indeed, it has been held that a proper court may appoint a receiver whenever a proper case is made even though neither party has asked for it. (*Venza* v. *Venza*, 94 Cal.App.2d 878, 883-884 [211 P.2d 913].)

Dardi also claims plaintiff was entitled neither to an accounting nor to the appointment of a receiver in view of his asserted breach of the contract of joint venture which included a provision that ''should a new lease be made with the lessor it is agreed that the cigar stand located upon the said premises shall be leased to Neider on a pro rata basis of the total rent paid for the entire premises . . .'' ■ Plaintiff testified that, although he received a bill for his rental of the cigar stand every month, he paid no rent because the amount of rent was never determined between the parties and because he was waiting for an accounting to set off the rent he owed. That explanation seems entirely reasonable. Plaintiff's withholding of his rent payments as sublessee under those circumstances furnished no basis for denying him an accounting or for refusing to appoint a receiver. Moreover, in the accounting, which was made by the referee appointed by the court, plaintiff was debited with accrued rent in the sum of $6,875, one of the many items of the accounting which will be subject to review upon appeal from the final judgment should either party feel aggrieved and take an appeal therefrom.

Defendants contend that plaintiff has a plain, speedy and

adequate remedy at law which proscribes an accounting or the appointment of a receiver. We are not persuaded.

The right of one joint venturer to sue another at law does not preclude a suit in equity for an accounting (*Keyes v. Nims*, 43 Cal.App. 1, 10 [184 P. 695]) nor does the possession of other remedies preclude the appointment of a receiver in a proper case (*Sunset Farms, Inc.* v. *Superior Court*, 9 Cal.App.2d 389, 405 [50 P.2d 106]; and *Sibert* v. *Shaver*, 113 Cal.App.2d 19, 21 [247 P.2d 609]).

Finally, defendants assert in their brief that the court "erred throughout the trial in refusing to allow counsel to elicit parol evidence concerning the agreements involved, particularly in regard to the consideration involved in the agreements and what was intended thereby," but they furnish no citations to those portions of the record where such rulings were made or offers of proof tendered. Apparently they refer to evidence tendered as to the scope of the joint venture, i.e., whether or not it included the refrigerator business. Such evidence, even if improperly excluded (which we do not assume), would not be significant upon the current appeal which involves only the propriety of the appointment of the receiver, not the scope and accuracy of the accounting.

The order appointing a receiver, contained in the interlocutory judgment, is affirmed.

Peters, P. J., and Bray, J., concurred.