Filed 9/5/24  Estate of Leon CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ESTATE OF MIKE ANGEL LEON, Deceased. | |
| EVELIA ROJAS LEON, as Administrator, etc., <br><br>        Petitioner and Respondent, <br><br> v. <br><br> SAN FRANCISCO EAGLE BAR LLC, <br><br>        Objector and Appellant. | A167656 <br><br> (City & County of San Francisco Super. Ct. No. PES-20-303566) |

Defendant San Francisco Eagle Bar LLC (LLC) appeals the trial court's order granting the motion of plaintiff and respondent estate of Mike Angel Leon (Estate) for appointment of a receiver.  The LLC contends that the court abused its discretion in granting the order because the appointment was not supported by the evidence in the record.  We disagree and affirm.

## I. BACKGROUND

### A. Facts

Decedent Mike Angel Leon and Jesus Alejandro Montiel were equal owners and members of the LLC.  The LLC has operated the San Francisco Eagle Bar (bar) since approximately 2012.  Montiel claimed that shortly after

1

the bar opened, Leon "showed little interest in the bar operations" and often did not have the funds to pay his portion of the bar's expenses and bills. According to Montiel, he paid approximately $135,000 to cover Leon's portion of the expenses over the years and Leon never paid him back. Eventually, Montiel suggested that Leon sell his 50 percent interest in the LLC to him. Montiel recalled that he and Leon agreed to meet in April 2018 "to come to a buyout agreement" which would include a credit for the amount Montiel paid over the years on Leon's behalf. Leon did not show up to the meeting and left Montiel a note stating that he was seeking legal counsel and that Montiel should not contact him directly.

In September 2018, Leon filed a complaint for involuntary dissolution of the LLC and for partition of its assets.[1] In October 2018, Montiel filed paperwork with the Secretary of State to form the corporation, San Francisco Eagle Bar, Inc. There is nothing in the record indicating that this paperwork mentioned Leon. In January 2019, Montiel filed a cross-complaint against Leon for declaratory relief and breach of the LLC's operating agreement. In May 2019, Leon unexpectedly died. In September 2019, Montiel dissolved the LLC. For the tax years 2019 and 2020, Montiel filed tax forms on behalf of the LLC which claimed that Leon was still a 50 percent owner and partner in the LLC despite his death.[2]

In March 2020, Leon's mother opened probate and was thereafter appointed the administrator of the Estate. In October 2020, the Estate's attorney contacted Montiel to inform him of this appointment and to request copies of the LLC's business and tax records in order to establish the LLC's

---

[1] The complaint was dismissed after Leon's death.

[2] The LLC concedes that Montiel caused these 2019 and 2020 tax returns to be filed but contends that his actions were not wrongful.

value at the time of Leon's death. In January 2021, Montiel registered a new limited liability company with the same name as the LLC. But unlike the original LLC, the new company only listed Montiel and San Francisco Eagle Bar, Inc. as the managers or members.

A lengthy dispute over the LLC's production of documents ensued, and the Estate filed motions to compel the production of the LLC's tax records and bank statements. In her supporting declaration to a motion, the Estate's counsel stated that during a property inspection of a commercial office space that had been leased to Montiel and Leon, she witnessed Montiel "physically remove[] thousands of pages of business records from the unit" before she could inventory them.

B. Motion for Appointment of Receiver

In November 2021, the Estate filed a motion for appointment of a receiver. Among other things, the Estate argued that Montiel had refused to produce the LLC's financial records, unilaterally dissolved the LLC shortly after Leon's death without the consent of the Estate, and claimed sole ownership of the business by registering the same business under the same name but with himself as the sole member. In opposition, the LLC argued that Leon never contributed to the bar's operation and that any interest he had in the LLC was minimal given the $135,000 Montiel paid to cover Leon's share of the operating expenses. The LLC also highlighted Leon's lack of cooperation when Montiel had asked to buy out his ownership interest pursuant to the terms of the operating agreement.

To justify the LLC's dissolution, the LLC explained through supporting declarations that in 2017, the LLC's accountant advised Montiel that the business would pay less income tax if it were a corporation instead of a limited liability company. Accordingly, Montiel formed San Francisco Eagle

Bar, Inc. in October 2018. The accountant also advised Montiel against having both the LLC and a corporation active, so he dissolved the LLC. However, he waited until September 2019, approximately four months after Leon died, to do so. Soon after dissolving the LLC, Montiel discovered that he could not transfer the bar's liquor license to the corporation without Leon's signature. Because there was no way to reinstate the now dissolved LLC, Montiel registered a new limited liability company with the same name as the LLC in January 2021 but without Leon or the Estate.

At the hearing on the motion, the trial court asked Montiel why he did not reach out to the Estate before taking actions like reorganizing the LLC and filing its taxes. Montiel responded that he was only in contact with Leon's husband and that he followed his accountant's advice in forming the corporation, dissolving the LLC, and completing the tax forms before the deadline. The court was unpersuaded by Montiel's argument that he simply signed various documents that his accountant prepared and ultimately filed.

Following the hearing, the trial court granted the Estate's motion pursuant to Code of Civil Procedure section 564, subdivision (b)(1).[3] In its order, the court held that the record "shows by a preponderance of the evidence that the [E]state's interest is in danger of loss or material injury, because (1) Montiel has allegedly refused to acknowledge the [E]state's interest in the property and is operating the business as if he is the sole owner; (2) Montiel unilaterally dissolved the original LLC after [Leon's] death and before a personal representative of the [E]state had been appointed and then registered a new LLC with the same name, listing himself as the sole owner and retaining possession and control of the original LLC's assets; and (3) Montiel filed or caused to be filed Federal and

---

[3] All further statutory references are to the Code of Civil Procedure.

California tax forms after [Leon's] death, as if [Leon] were both still alive and a 50% owner and general partner of the original LLC." [4]

The LLC timely appealed.

## II. **DISCUSSION**

A. <u>Applicable Law and Standard of Review</u>

The trial court may appoint a receiver in any pending action or proceeding if the petitioner shows that: (1) it has a probable interest in the property or proceeds; and (2) "the property . . . is in danger of being lost, removed, or materially injured." (§ 564, subd. (b)(1).) "[T]he appointment of a receiver rests largely in the discretion of the trial court, and [] its action in appointing a receiver will not be disturbed by an appellate court in the absence of a showing of abuse of discretion." (*Goes v. Perry* (1941) 18 Cal.2d 373, 381.)

"Where it appears that there is danger of a misappropriation of the property of the partnership and the evidence is conflicting as to the likelihood of loss, the reviewing court is in no position to say that the court below has abused its discretion." (*Silbert v. Shaver* (1952) 113 Cal.App.2d 19, 21–22.) The conflicting evidence "may be in the form of allegations in a complaint or other pleading, by affidavit or by testimony. [Citation.] The facts found, though in conflict with other evidence stated in an affidavit or otherwise

---

[4] We note that the LLC did not include the order granting the motion in the record in violation of rules 8.122(b)(1)(C) and 8.124(b)(1)(A) of the California Rules of Court. The LLC did, however, attach the order to its Civil Case Information Statement. By failing to include the order in its appendix, the LLC arguably waived its arguments on appeal. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["A violation of the rules of court may result in . . . the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal"].) Nonetheless, we address those arguments on their merits.

5

favorable to the prevailing party, are binding on a reviewing court." (*Baldwin v. Baldwin* (1944) 67 Cal.App.2d 175, 177.)

We note that although the Estate did not file a respondent's brief, the burden still rests on the LLC as the appellant to affirmatively demonstrate error by the trial court. (*Stevens v. Parke, Davis & Co.* (1973) 9 Cal.3d 51, 70.) Thus, the absence of a respondent's brief does "not absolve us of adjudicating the merits of" the LLC's appeal. (*In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 111, fn. 1 [affirming trial court order despite the respondent's failure to file a brief].)

B. <u>The Trial Court Did Not Abuse its Discretion.</u>

The LLC contends that the trial court abused its discretion in appointing the receiver because the Estate did not present any "probative evidence" and relied only on misrepresentations and unsupported arguments. The LLC further contends that the court ignored its evidence rebutting all of the Estate's claims. We disagree and find that there was sufficient evidence to establish that the Estate's interest in the LLC was in danger of loss or material injury based on Montiel's actions.

First, there was ample evidence to support the trial court's finding that Montiel had refused to acknowledge the Estate's full ownership interest in the LLC and was operating the business as the sole owner after Leon's death. When confronted at the hearing, both Montiel and his counsel acknowledged the Estate's 50 percent ownership interest in the LLC. However, in its opposition to the motion, the LLC argued that Leon "[w]as a [c]o-owner in [n]ame [o]nly," played no part in the operation of the bar, and left all of the financial obligations to Montiel. The LLC then argued that "*even if* the court should find that [Leon] owned some part of the LLC when he died," any interest should be minimal given that he owed Montiel $135,000 for the

6

expenses Montiel paid on his behalf. (Italics added.) Likewise, in his declaration, Montiel asserted that Leon "was not interested in owning the bar" and that by mid-2018, Leon "had completely abandoned his interest in the bar." These statements support the court's finding and belie the LLC's assertion that Montiel recognized the Estate's ownership interest *in full*.

Second, Montiel's formation of a new corporation soon after Leon sued him, unilateral dissolution of the LLC soon after Leon died, replacement of the LLC with a new limited liability company with the same name, and apparent exclusion of Leon and the Estate from the new corporation and company support the trial court's appointment of a receiver. Indeed, the court reasonably construed these actions by Montiel as a wrongful attempt to eliminate the Estate's interest in the LLC.

The attempt by Montiel and the LLC's accountant to explain these actions as an honest, if misguided, attempt to reduce the tax burden of the LLC is unavailing because the trial court was free to disbelieve this explanation. Indeed, Montiel's failure to explain the undisputed timing and sequence of events casts considerable doubt on the veracity of this explanation. For example, if the goal was to reap the tax benefits from the conversion of the LLC to a corporation, why did Montiel wait approximately a year after his accountant advised him to form a corporation to do so? And why did Montiel form the corporation *with no apparent evidence of Leon's knowledge or approval* just one month after Leon sued for involuntary dissolution of the LLC and partition of its assets? In addition, why did Montiel wait almost a year after forming the corporation to dissolve the LLC and attempt to transfer the bar's liquor license to the corporation? And why did he do so just several months *after Leon had died*? Finally, and most

7

notably, why did Montiel exclude Leon from the newly formed corporation and the Estate from the newly formed limited liability company?

The LLC's failure to answer any of these questions is telling. Montiel's unexplained delay in taking advantage of the potential tax benefits, by itself, calls into question his explanation for his actions. As does the suspicious timing of his actions, including his formation of the corporation soon after Leon sued him and his dissolution of the LLC soon after Leon died. Finally, Montiel's explanation for his actions strains credulity in light of his unexplained omission of Leon and the Estate from the new corporation and company. Indeed, there appears to be no evidence that Montiel attempted in any way to preserve Leon's or the Estate's interest in the LLC after this reorganization was complete. Needless to say, the trial court had more than enough reason to dismiss Montiel's claim that he believed that he was doing the right thing by following the advice of the LLC's accountant and by signing the paperwork prepared and filed by that accountant.

Lastly, the LLC's filing of tax returns for the 2019 and 2020 tax years, claiming that Leon remained a 50 percent partner (with a recourse debt of $245,000 for the year 2020), without Leon's or the Estate's knowledge supports the appointment of a receiver. The LLC conceded that Montiel caused these returns to be filed but claimed that the Estate failed to show why this was wrongful. However, Montiel knew by late 2020 that probate for Leon's estate had been opened and that an administrator for the Estate had been appointed. Thus, Montiel's failure to contact the Estate regarding the LLC's taxes suggests that he was acting against the interests of the Estate. And this failure, when coupled with the other questionable actions of Montiel described above, amply supports the trial court's finding that the Estate's interest in the LLC was in danger of loss or material injury.

8

The evidence cited by the LLC does not compel a contrary conclusion. Nothing in the record suggests that the trial court did not consider that evidence in granting the motion.  More importantly, the court was free to disbelieve that evidence.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 415 ["we defer to the trial court's assessments of credibility and the weight of the evidence and do not interfere with its determinations of these matters"].)

Accordingly, the court did not abuse its discretion in appointing a receiver based on the evidence before it.

## III.  DISPOSITION

The order granting the motion for appointment of receiver is affirmed.


CHOU, J.



WE CONCUR



JACKSON, P. J.



BURNS, J.



(*Estate of Mike Angel Leon*; A167656)

9